UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
KAHEEM TRIBBLE,

                           Plaintiff,

                                            15 CV 6558 (NG) (RML)

  -against-

THE CITY OF NEW YORK,
CHRISTOPHER MASTOROS, DAVID        **FIRST AMENDED COMPLAINT**
I. AFANADOR, TYRANE ISAAC, and
JOHN DOES ONE through FIVE,

                           Defendants.
------------------------------------------------------X

        Plaintiff Kaheem Tribble, by his attorneys the Rameau Law Firm and the Lumer Law Group, as and for his First Amended Complaint, hereby alleges as follows, upon information and belief:

## INTRODUCTION

        1.      This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the common law of the State of New York, against the individual police officers identified herein and their employer, the City of New York.

## PARTIES, VENUE and JURISDICTION

        3.      Plaintiff is a resident of Kings County in the City and State of New York. Plaintiff was a minor when this action was initially commenced and thus he was identified throughout the original complaint as "K.T."  He has since reached the age of majority and is now proceeding under his name.

4. At all relevant times hereinafter mentioned, defendant City of New York ("New York City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

5. At all relevant times hereinafter mentioned, defendant Christopher Mastoros, Shield No. 14867, was employed by the City of New York as a member of the NYPD. Mastoros is sued herein in his individual and official capacities.

6. At all relevant times hereinafter mentioned, defendant David I. Afanador, Shield No. 31730, was employed by the City of New York as a member of the NYPD. Afanador is sued herein in his individual and official capacities.

7. At all relevant times hereinafter mentioned, defendant Tyrane Isaac, Shield No. 17818, was employed by the City of New York as a member of the NYPD. Isaac is sued herein in his individual and official capacities.

8. At all relevant times hereinafter mentioned, defendants John Does 1-5 were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiff at this time. The Doe defendants are sued herein in their individual and official capacities.

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. § 1983.

10. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

11. Plaintiff filed a Notice of Claim on or about November 10, 2014.

12. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

13. This action was commenced within one year and ninety days after the happening of events upon which the claims are based.

## FACTUAL ALLEGATIONS

14. As of August 29, 2014, plaintiff was sixteen (16) years-old.

15. On or about August 29, 2014, at or about approximately 2:00 am, plaintiff was walking toward Lincoln Place and Schenectady Avenue, Brooklyn, New York.

16. An unmarked car began following plaintiff.

17. Seeing this car following him, plaintiff ran.

18. Plaintiff stopped running after a short distance and came to a stop.

19. Plaintiff immediately put up his hands in surrender.

20. At least two of the individual defendants approached plaintiff, with a flashlight aimed at plaintiff and with at least one defendant pointing his gun at plaintiff.

21. As the defendants approached him, the plaintiff was unarmed, was stationary, and was standing with his hands raised.

22. Defendant Isaac approached and punched plaintiff in plaintiff's face.

23. Defendant Afanador, who had his gun in his hand, struck plaintiff in the mouth with his handgun.

24. The defendants further assaulted and brutalized plaintiff before transporting him to the 77 Precinct station house.

25. At no point in time was it reasonable or necessary to use any force against the plaintiff, much less the force that was actually used, nor could a reasonable officer have believed that the use of such force was reasonable or necessary.

26. While at the station house, Mastoros created arrest paperwork in which he claimed that the defendants had observed plaintiff discarding marijuana in an attempt to conceal it from the defendants prior to their seizing him, and that plaintiff then resisted arrest.

27. Mastoros stated in the arrest report for plaintiff that physical force was used to prevent plaintiff's escape.

28. Mastoros and the other defendants knew, at the time that Mastoros was drafting the arrest paperwork, that plaintiff had not engaged in the conduct as alleged, and fabricated the facts to cover up the defendants' violent assault on plaintiff.

29. The defendants each knew that these allegations were being drafted, and that they would be forwarded to the Kings County District Attorney's office ("KCDA") in order to cover up their misconduct and to persuade the KCDA to initiate criminal charges against the plaintiff.

30. The defendants knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, would rely on the truthfulness of their factual claims and statements, and would proceed on as assumption that all of these factual statements and claims were truthful in all material respects, and that no material or exculpatory information had been withheld.

31. One or more of the defendants, having forwarded the arrest paperwork to the KCDA, was then interviewed by the KCDA.

32. This interview was a routine step in the KCDA's determination as to whether or not to commence the criminal prosecution of plaintiff, and if so, the charges to be filed.

33. Upon information and belief, the defendants repeated these lies and misstatements, and otherwise provided the KCDA with a materially misleading account of the circumstances surrounding plaintiff's arrest and the defendants' conduct.

34. Plaintiff was eventually transported to Central Booking to await arraignment.

35. While in custody at Central Booking, plaintiff was taken to Brookdale Hospital where his injuries were assessed and treated. He was then returned to Central Booking to continue awaiting his arraignment.

36. Plaintiff was subsequently arraigned under docket 2014KN065651 and charged possession of marijuana and resisting arrest.

37. The criminal complaint was executed by Mastoros, who swore that Afanador claimed to have witnessed plaintiff discarding marijuana prior to his seizure, and further swore that Isaac had stated that plaintiff had resisted arrest by flailing his arms.

38. At all relevant times herein, the defendants were on duty and acting within the scope of their employment.

39. At all relevant times herein, each of the individual defendants participated directly in the assault on plaintiff and the affirmative efforts to cover up that assault thereafter.

40. The defendants attempted to cover up their use of excessive force by lying about their actions and otherwise failing to report their actions.

41. To the extent that any of the defendants did not participate personally in this misconduct and assault on plaintiff, each such defendant was aware of the misconduct, yet failed to take any reasonable steps or make any reasonable effort to prevent or limit such misconduct from occurring or continuing.

42. Thus, each defendant is responsible for the assault on plaintiff and the subsequent cover up both for his direct participation in this conduct and his failure to intervene in his co-defendants' misconduct.

43. In so doing, the individual defendants engaged in a joint venture and assisted each other in performing the various actions described, and lent each other their physical presence and support, as well as the authority of their office during these events.

## FIRST CAUSE OF ACTION

### (§1983 Claim Against the Individual Defendants)

44. Plaintiff repeats the preceding allegations as though stated fully herein.

45. The defendants, individually and collectively, used physical force against plaintiff that was unreasonable and unnecessary, and wholly without justification.

46. The defendants further failed to intervene in each other's misconduct, and then affirmatively sought to cover up said misconduct by lying about the excessive force, the failure to intervene, and the falsified version of the facts surrounding the arrest of plaintiff.

47. To the extent that any one of the individual defendants did not personally engage in the use of force against plaintiff or the fabrication of evidence concerning plaintiff's arrest, or any of the other unconstitutional conduct alleged herein, he or she witnessed this conduct as it occurred, was aware that it was occurring or would occur, had an ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

48. By so doing, the individual defendants subjected the plaintiff to excessive force and thereby violated, and aided and abetted in the violation of, plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

49. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the deprivation of his liberty and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

### (*Monell* Claim Against the Municipal Defendant)

50. Plaintiff repeats the preceding allegations as though stated fully herein.

51. Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiff's federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

52. Upon information and belief, the municipal defendant was on notice prior to August 29, 2014, that the individuals defendants had a history of engaging in misconduct, including, but not limited to, unlawful and otherwise unjustified acts of violence and other misconduct. Notwithstanding such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond to the defendants' conduct, covered up their further misconduct, and left the defendants in place to continue their pattern and practice of unconstitutional behavior.

53. For example, according to the Eastern District of New York's dockets, defendant Afanador has been named in at least three (3) other civil rights lawsuits in this district alleging a variety of constitutional violations, ranging from excessive force to false arrest and post-arraignment deprivation of liberty claims. These cases include *Williams v. City*

*of New York*, 09 CV 4703 (JBW) (JO); *Smith v. City of New York*, 12 CV 0520 (WFK) (MDG); and, *Jack v. City of New York*, 15 CV 6815 (RJD) (CLP).

54. Similarly, defendant Isaac has been named in at least two (2) other similar lawsuits docketed as *Kronenberg v. City of New York*, 09 CV 3805 (NGG) (JO); and, *Wiggins v. City of New York*, 14 CV 0749 (ARR) (MDG), and defendant Mastoros has also been named in at least one (1) other action docketed as *Garrett v. City of New York*, 08 CV 4146 (KAM) (ALC).

55. All or nearly every of the aforementioned lawsuits have resulted in a settlement paid by the City of New York.

56. Upon information and belief, each of the individual defendants has also amassed a number of civilian complaints for a variety of misconduct.

57. Notwithstanding the litany of complaints concerning the defendants' prior use of excessive force, the City of New York continued to employ the defendants without any change in their status.

58. Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendants' general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendants, yet, upon information and belief, made no effort to modify, increase, supplement, or otherwise intensify the defendants' supervision, or otherwise ensure that he had not and would not engage in such blatant misconduct.

59. The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the individual defendants were prone to unnecessary and unjustifiable violence was a clear and unequivocal endorsement of the defendants' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendants to continue to engage in such misuses of force.

60. Such actions by the City of New York are a reflection of the municipal defendant's repeated and untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendants in particular, interact.

61. These actions further reflect a policy, custom, and practice, or a ratification thereof through a demonstrated failure to act to curtail such behavior, and thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually, a substantial factor in bringing about the aforesaid constitutional violations by the individual defendants.

62. The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

63. The City's failure to act in the face of overwhelming evidence that the defendants were prone to excessive and unnecessary violence against civilians is evidence of its deliberate indifference to the individual defendants' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they eventually committed against plaintiff.

64. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

### (State Law Assault, Battery, and Excessive Force Claims Against All Defendants)

65. Plaintiff repeats the preceding allegations as though stated fully herein.

66. The individual defendants are liable to plaintiff for assault, battery, and excessive force, under New York state law.

67. The municipal defendant is vicariously liable to the plaintiff for this assault, battery, and excessive force, as the individual defendants were acting within the scope of their employment with, and were otherwise acting on behalf of, the City of New York.

68. By reason thereof, the defendants have caused plaintiff to suffer emotional and physical injuries and mental anguish.

## FOURTH CAUSE OF ACTION

### (State Law Negligent Hiring, Training, Retention, and Supervision Claim Against the Municipal Defendant)

69. Plaintiff repeats the preceding allegations as though stated fully herein.

70. The municipal defendant owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injuries to plaintiff, or other people similarly situated, would probably result from the foregoing conduct.

71. Upon information and belief, the individual defendants were unfit and incompetent for their positions or were otherwise likely to utilize unnecessary and excessive force against civilians, fabricate evidence, and engage in similar misconduct.

72. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

73. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, supervising, and retaining these defendants proximately caused each of plaintiff's injuries.

74. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiff demands judgment against defendants jointly and severally as follows:

i. actual and punitive damages against the individual defendants in an amount to be determined at trial;
ii. actual damages in an amount to be determined at trial against the City of New York;
iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and
iv. such other relief as the Court deems just and proper.

**[Remainder of Page Intentionally Blank]**

Dated:  New York, New York
        August 11, 2017

                                THE RAMEAU LAW FIRM
                                Attorneys for Plaintiff

                                /s/
By:        _____
                                Amy Rameau, Esq.
                                16 Court Street, Suite 2504
                                Brooklyn, New York 11241
                                (718) 852-4759


                                LUMER LAW GROUP
                                Attorneys for Plaintiff

                                /s/
By:        _____
                                Michael Lumer, Esq.
                                225 Broadway, Suite 2700
                                New York, New York 10007
                                (212) 566-5060